In the Matter of the Estate of JENNET R. WILSON, Deceased.

Surrogate's Court, New York County, February 17, 1931.

*Moses, Nehrbas & Tyler*, for the substituted trustee.

*Wilson, Wager & Cornell*, for Lillie R. Wager.

O'BRIEN, S. This is an accounting proceeding by Gerald F. Shepard, as substituted trustee under the will of the above-named testatrix, who died October 19, 1900. The accounting embraces one-fourth of her residuary estate which was left in trust for her daughter Edith during the latter's lifetime. Edith died February 8, 1930, and the principal of this one-fourth share is to be distributed in this accounting proceeding. A question of construction as to the proper method of such distribution is presented arising out of the last paragraph of the 4th clause of the original will which reads as follows: " The fourth portion I give, devise and bequeath unto my executor and executrices hereinafter named or such as qualify the survivors or survivor in trust nevertheless to invest and collect the rents, issues and profits, and after paying the necessary expenses, taxes and repairs to pay over the net income unto my daughter Edith during her natural life, unless she should become a nun or join a religious sisterhood of that nature leading a life under vows secluded from the world. Should my daughter Edith die before me or upon her death after me; or should she, either before or after my death become a nun or join such sisterhood, in either of those events I direct my executors to pay over this portion given them in trust two-thirds to my daughter Julia and one-third to my son Philip, or to his issue if he be dead, to have and to hold to each of them absolutely and if Julia be dead I give it all to Philip or his issue."

A codicil to this will reads in part as follows: " It is my will that in the case expressed in the latter part of the fourth section of my above will, dated First March, 1892, wherein I provide for the division of the share of my daughter Edith in case of her death, going into a convent or joining a sisterhood, between my son Philip and my daughter Julia. That in case of such division, said share shall be equally divided between my son Philip and my daughter Julia and Elizabeth. The issue of either of my said children to take the parents share should he or she be dead, and if either of said last named children die without issue the survivors shall divide said share, except as to the share of my son Philip

and in this case if his wife Emma survive him she shall have a life estate in his share whether he leave issue or not."

When the testatrix died on October 19, 1900, she had four children living, namely, Philip Wilson, Julia Wilson, Elizabeth P. Tyler and Edith R. Wilson. Between October 19, 1900, the date of the testatrix's death, and February 8, 1930, the date of her daughter Edith's death, Philip Wilson, Julia Wilson and Elizabeth P. Tyler died, and on the death of Edith Wilson none of the children of the testatrix were left surviving. Julia Wilson and Elizabeth P. Tyler both died without leaving issue surviving them. Philip Wilson died December 13, 1905, leaving as his only surviving issue Lillie R. Wager, and she was, therefore, at the *date of the death of the life tenant* the only issue of any of the remaindermen named in the will and codicil, and she claims the whole of the remainder. In the discussion of the question thus raised it has been suggested that there are three possible constructions to be placed upon said 4th clause and the codicil thereto: (1) The interpretation that the remainders following upon the death of Edith R. Wilson were vested in Philip, Julia and Elizabeth upon the death of testatrix; (2) that the remainders were contingent until the death of Edith R. Wilson, the life tenant, at which time Lillie R. Wager took one-third of the fund as sole surviving issue of Philip and that intestacy resulted as to the shares of Julia and Elizabeth; (3) that Lillie R. Wager is entitled to the whole fund as sole surviving issue of Philip and as sole " survivor " of the children of testatrix and their issue. While it is clear that a technical argument that intestacy resulted as to the shares in said fund intended for Julia and Elizabeth, may be adduced from the language used in the will and the fact that among the children Philip, Julia and Elizabeth there was *no survivor* at the death of Edith R. Wilson, I am of the opinion that the third interpretation is to be preferred. My conclusion is based primarily upon the propositions that intestacy must be avoided if possible and that the manifest intention of testatrix should prevail. If one reads and re-reads and analyzes and compares said section of the will and the codicil, the conclusion is inescapable that testatrix intended that upon the death of Edith the fund should go to her children if living then and if not to the surviving issue. This interpretation is not a strained construction when we apply the language used, viz., " the issue of either of my said children to take the parents share should he or she be dead and *if either of said last named children die without issue the survivors shall divide said share except,*" etc., to the fact that at Edith's death the only one living out of the three other children and their issue was Lillie R. Wager, the daughter of Philip.

Testatrix expressly provided (a) that the issue of each child should take the parent's share, and (b) that the survivors of any child who had predeceased Edith should take the share of any such child. May it be successfully argued that she intended to die intestate as to any of said shares under all other contingencies? Surely not. While it is true that the codicil takes the place of said paragraph " fourth " it is significant as indicating the general purpose of testatrix that in said paragraph she used the language "·and if Julia be dead I give it all to Philip or his issue." I hold that Lillie R. Wager is entitled to the whole of said fund. Proceed accordingly.