In the Matter of the Estate of Isaac P. Martin, Deceased.

Surrogate's Court, New York County, February 27, 1931.

*Larkin, Rathbone & Perry,* for Central Hanover Bank and Trust Company.

*James A. Hughes,* special guardian.

*Cadwalader, Wickersham & Taft,* for Alice H. Borland.

*Stewart & Shearer,* for the executors of last will, etc., of George G. Haven, deceased.

O'Brien, S. In this trustees' accounting of a trust fund held for the benefit of testator's daughter, Antoinette W. Martin, *now deceased*, a question of construction has been raised. The paragraph of the will here involved is as follows:

" *Sixth.* And in respect to two of the said twelve shares, which include such additions thereto, as aforesaid, when available, in case my daughter Antoinette shall survive me (she has not as yet

married), to set the same apart and to receive the income thereof, and apply the same to her use during her natural life, for her sole and separate use, as aforesaid.

"In the event, however, that the said income coming to my daughter Antoinette, as aforesaid, shall, from any cause, amount to less than fifteen hundred dollars per annum from the time of my decease, she being then still unmarried and being in life, then I direct my executrix and executors, and the survivors and survivor of them, out of the principal of said two shares, and out of them only (but not, during the life of my said wife, out of any of the principal set apart for the use of my said wife, as aforesaid), to make up such deficiency, or deficiencies, as the case may be, but only during the time she, the said Antoinette, shall be unmarried, and upon the death of the said Antoinette (she hereafter marrying), to divide the principal of the said two shares set apart for her benefit, as aforesaid, or so much thereof as shall remain, as aforesaid, with any additions thereto, as aforesaid, when available, equally to and among the children of the said Antoinette, if any, surviving her; if only one child, then such one to take the whole principal; the issue, however, then living of any deceased child to take the share the parent would have taken if living; if she, the said Antoinette, shall leave no child, or issue of a child, as aforesaid, surviving her, but shall leave a husband her surviving, then to transfer and pay the said last-mentioned principal to such person or persons as she shall, by her last will or appointment, duly executed in the presence of two witnesses, direct, limit or appoint; and in default of such will (no child or issue surviving her, as aforesaid), then to divide the said last mentioned principal equally to and among all my other children surviving her, except my said son Isaac; the issue, however, then living of any of my children, but not of said Isaac, now or then deceased, to take the share the parent would have taken, if living. If, however, my said daughter Antoinette shall not survive me, but shall leave children or a child, or the issue of a deceased child, surviving me, the said principal shall go to her surviving children, or child, or issue, as aforesaid, as the case may be; if more than one child, then equally, share and share alike, the issue to stand in the place of the parent. If the said Antoinette shall not survive me, and no such child of her or issue shall survive me, then the said principal, which includes such additions thereto, as aforesaid when available, shall be added, *pro rata*, to all the other of the said twelve shares remaining, except the two shares hereinafter mentioned for the benefit of my said son Isaac, or referred to in connection with my said son Isaac."

Testator died September 27, 1894. His daughter, Antoinette W.

Martin, survived him and died December 21, 1929, *without any children, she having never married.*

The question raised is whether in applying the provisions of the 6th paragraph to this set of facts, viz., Antoinette's (1) surviving her father, testator; (2) without having married and thus without leaving any children or a husband, intestacy results or whether decedent died testate as to said fund and to whom he bequeathed said fund. Parenthetically it may be noted that this is only another case of a carefully drawn will of a meticulous lawyer which if literally and strictly construed fails to expressly provide for the contingency that has happened. Preliminarily to an analysis of paragraph 6, it must be pointed out as very significant (1) that under the terms of paragraph 9, which provides a trust fund for the benefit of his son, Isaac, Jr., upon the. death of this beneficiary, the principal of the fund is divided equally and given to his other children and their respective issue, *but not to the issue of Isaac, Jr.;* (2) that under the provisions of the 7th paragraph which provide a trust fund for the benefit of testator's daughter Lavinia, Isaac, Jr., and his issue are expressly excluded from participation in the fund under all circumstances; (3) that under paragraph " eighth," providing a fund for the benefit of Lily Martin, widow of Charles Martin, a deceased son of testator, said Isaac, Jr., and his issue are excluded; (4) that under paragraph 11, providing a fund for the benefit of testator's son Harry A. S. Martin, there is a similar exclusion of Isaac, Jr., and issue, and (5) that in the 13th paragraph, providing a fund for the benefit of Walton M. Martin, the same intention is clearly expressed as to the remainder. Carrying out the same testamentary purpose or plan, testator in paragraph 6 in providing for two contingencies with respect to his daughter Antoinette, viz., (6) where surviving testator, she dies leaving no children or issue " and in default of *such will,*" and (7) where neither she nor any children nor issue shall survive him, expressly excludes Isaac, Jr., and his issue in the first named instance, and in the second instance expressly excludes Isaac, Jr., and in effect his issue from participation in said fund. (8) Likewise the fund for the benefit of Isaac, Jr., described in paragraph " tenth " is as to any possible residue after the carrying out of the terms of said paragraph left to the then surviving children of testator or their issue excepting Isaac, Jr., and his issue. In the face of these eight express exclusions, especially in paragraphs 9 and 10 which *relate to funds established for the benefit of Isaac, Jr.,* and in which his issue are excluded from participation, it cannot be denied that one of his purposes was to exclude Isaac, Jr., from participating in any of the funds

created for the other children of testator and another purpose was to exclude the issue of Isaac, Jr., from any part of his estate. This conclusion is a fitting preamble to the analysis of paragraph 6. As stated at the outset, Antoinette, for whose benefit the fund in question was created in said paragraph, survived testator, she had no children living or dead, she never married. This paragraph after making provision for the payment of income to said daughter and for making up under certain conditions out of principal any deficiencies below $1,500 per annum provides (a) for the division of the principal on her death equally among her children surviving her, and if only one child survives that child to take the whole, and the issue of any deceased child to take the parent's share; (b) if she leave no child nor the issue of any child surviving her but a husband surviving her, for a power of appointment over said fund. She left no children nor a husband surviving her, so these provisions have no direct application to the question before us. The paragraph then provides as follows: " *and in default of such will (no child or issue surviving her, as aforesaid), then to divide the said last mentioned* principal equally to and among all my other children surviving her, except my said son Isaac; the issue, however, then living of any of my children, but not of said Isaac, now or then deceased, to take the share the parent would have taken, if living." The paragraph proceeds to provide in the event of said daughters predeceasing testator leaving children or child or the issue of a deceased child surviving him that the fund shall go to her surviving children, child or issue as aforesaid and further provides that if said daughter does not survive him and if no such child of her or issue shall survive him, the fund shall be added *pro rata* to all the other of the said twelve shares remaining, except the two shares for the benefit of his son Isaac. Thus while he provides for five different contingencies, viz., (1) said daughter's surviving him, marrying and leaving children surviving her; (2) said daughter's surviving him, leaving no children but a husband surviving her; (3) said daughter's surviving him but leaving no children and no " such will;" (4) said daughter's predeceasing him leaving children or child or issue surviving him, and (5) said daughter's predeceasing him and leaving no children nor child nor issue surviving him; if these provisions are interpreted in a strictly literal manner, it may be argued that the contingency that has actually happened is not provided for in express terms, viz., *her surviving him and not marrying and not leaving any children*. This argument would be based on the fact that he uses the words " in default of *such a will* " and the contention that " such a will " means a will in which, *a husband*

*surviving her*, she exercises the power of appointment and not any will or an ordinary will. On the other hand, it may well be asserted that the third contingency described above has actually occurred since Antoinette died leaving no children and no " such will." Testator being an attorney may have had in mind in using the terms " *and in default of such will* " two different situations, (1) her leaving no husband surviving, and (2) her leaving a husband but without her having exercised the power of appointment. The latter argument is adopted by the court as the more reasonable of the two and as supplying for the contingency that has actually occurred an express provision; and I hold that the fund should be divided among testator's other children or, if dead, among their issue excepting Isaac, Jr., and his issue. The same conclusion is reached if it be held that the language " and in default of such will (no child or issue surviving her as aforesaid) " does not embrace the present contingency, for there is the *strongest implication* in the will that testator desired that the fund go to his other children or their issue and not to Isaac, Jr., or his issue, under the present circumstances. Our conclusion in favor of testacy and against intestacy is in keeping with well-known authorities (*Cammann* v. *Bailey*, 210 N. Y. 19, 30; *Matter of Evans*, 234 id. 42, 47; *Ossman* v. *Von Roemer*, 221 id. 381, 388; *Waterman* v. *N. Y. Life Insurance Co.*, 237 id. 293; *Matter of Wilson*, 139 Misc. 443). Proceed accordingly.